```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESTINY A. GONZALEZ,

                Plaintiff,

-against-

RED LOBSTER RESTAURANTS LLC;
ALEJANDRO BURGOS,

                Defendants.

20-CV-8628 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

    Plaintiff brings this *pro se* action under title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws, alleging that her employer discriminated against her based on her race. By order dated November 12, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

**A.    Service on Defendants**

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schilt*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that the summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request

an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Red Lobster Restaurants LLC and Alejandro Burgos through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 form with the addresses for Red Lobster Restaurants LLC and Alejandro Burgos, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: November 23, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Red Lobster Restaurants LLC
   2090 Bartow Avenue
   Bronx, New York 10475

2. Alejandro Burgos
   c/o Red Lobster Restaurants LLC
   2090 Bartow Avenue
   Bronx, New York 10475