```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DESTINY GONZALEZ,

                        Plaintiff,

         -against-

RED LOBSTER RESTAURANTS, LLC, et al.,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/16/2021__

20 Civ. 8628 (AT) (OTW)

**ORDER**

ANALISA TORRES, United States District Judge:

On October 14, 2020, Plaintiff *pro* se, Destiny Gonzalez, commenced this action against Defendants Red Lobster Restaurants, LLC and Alejandro Burgos, alleging employment discrimination on the basis of race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981.  Compl., ECF No. 2.  On March 11, 2021, Defendants timely filed a motion to dismiss the complaint, Def. Mot., ECF No. 18, and served the papers upon Plaintiff the same day, ECF No. 22.  Plaintiff has not opposed the motion.

On March 18, 2021, the Honorable Alison J. Nathan, to whom this matter was originally assigned, referred this case for general pre-trial purposes to the Honorable Ona T. Wang.  ECF No. 23.  Judge Wang subsequently scheduled an initial pretrial conference to take place on May 11, 2021.  ECF No. 24.  On April 23, 2021, Defendants sought to stay the conference on the ground that "Plaintiff [citing health reasons, has] refused to speak with counsel for Defendants." ECF No. 25.  As a result, Defendants were unable to schedule a conference with Plaintiff pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, hindering their ability to appear before Judge Wang.  *Id.*  On April 27, 2021, Judge Wang converted the initial conference to a status conference, ordered Plaintiff to file her opposition to Defendants' motion to dismiss by May 10, 2021, and warned Plaintiff that the motion would be considered unopposed if Plaintiff failed to file a response by that date.  ECF No. 26.  Plaintiff did not submit opposition papers by

the extended deadline.

On May 11, 2021, Judge Wang held a status conference; Plaintiff did not appear. 5/11/2021 Dkt. Entry. During the conference, Defendants indicated that Plaintiff had failed to respond to several emails and had provided an inaccurate phone number to the Court. ECF No. 27, at 1. Accordingly, on May 13, 2021, Judge Wang issued an order directing Plaintiff to show cause by June 15, 2021, why this action should not be dismissed for failure to prosecute, noting Plaintiff's ongoing lack of compliance with court orders and her refusal to communicate with Defendants. *Id.* In the six months since, Plaintiff has taken no action. On December 10, 2021, this matter was assigned to this Court. 12/10/2021 Dkt. Entry.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). This obligation applies equally to plaintiffs proceeding on a *pro se* basis. *See, e.g.*, *Smith v. Griffen*, No. 15 Civ. 622, 2017 WL 4466453, at *2–3 (S.D.N.Y. Aug. 31, 2017) ("[C]ourts in in this district routinely dismiss *pro se* . . . actions for failure to prosecute where, as here, [the plaintiff] fails to participate in the action or meet his obligation to provide the Court and [the defendants] with updated contact information[.]"), *report and recommendation adopted*, No. 15 Civ. 622, 2017 WL 4477062 (S.D.N.Y. Oct. 5, 2017).

> Before dismissing a case under Rule 41(b), the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in deciding whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all five factors weigh in favor of dismissal. First, Plaintiff has failed to prosecute this action, as evinced by her protracted failure to respond to Defendants' motion to dismiss, and her refusal to comply with court orders and appear at conferences scheduled by the Court. *See supra* at 1–2. Plaintiff has further failed to communicate with the Court for over ten months. *See* ECF No. 16. The length of this delay is significant enough to weigh in favor of dismissal. *See Peters-Turnbull v. Board of Educ.*, No. 96 Civ. 4914, 1999 WL 959375, at *2–3 (S.D.N.Y. Oct. 20, 1999) (noting that delay of five to ten months falls "comfortably within the time frames found sufficient" for dismissal). Second, Judge Wang expressly warned Plaintiff that failure to comply with her order would result in dismissal for failure to prosecute. ECF No. 27. Third, because Plaintiff has not communicated with the Court for over ten months and has not provided good cause for her absence, the Court may presume prejudice to Defendants resulting from the "unreasonable delay" in prosecution of this matter. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Vail v. City of New*

3

*York*, No. 18 Civ. 9169, 2021 WL 2018838, at *2 (S.D.N.Y. May 20, 2021).  Fourth, as to docket management, "it is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that Petitioner will reappear in the future." *Ikpemgbe v. City of New York*, No. 18 Civ. 1027, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021).  Finally, dismissal is appropriate where the Court "ha[s] no reason to believe that lesser sanctions would be effective." *Watkins v. Matarazzo,* No. 13 Civ. 2477, 2015 WL 13745762, at *9–10 (S.D.N.Y. Sept. 22, 2015).  Here, given that Plaintiff has ignored Defendants' numerous attempts at contact and failed to communicate with this Court for almost a year despite repeated warnings of the consequences, there is no reason to find that a lesser sanction would spur Plaintiff to prosecute the case.

    Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.  The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.  The Clerk of Court is further directed to mail a copy of this order to Plaintiff *pro se*.

    SO ORDERED.

Dated: December 16, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge

4